IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY A. KOZAK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-4400 |
| | § | |
| MEDTRONIC, INC. and MEDTRONIC SOFOMAR DANEK, INC., | § § | |
| | § | |
| Defendants. | § | |

ORDER

Pending is Plaintiff's Motion for Reconsideration (Document No. 88), which requests that the Court reconsider the portion of its Memorandum and Order ("M&O") entered January 31, 2006 (Document No. 82) that granted summary judgment in favor of Defendant Medtronic Sofamor Danek, Inc. ("MSD") on Plaintiff's breach of contract claim. MSD has filed a response in opposition, to which Plaintiff has filed a reply. After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the January 31, 2006, Order should be reconsidered in part.[1]

---

[1] Reconsideration is appropriate because the order granting the motion for summary judgment, entered January 31, 2006, is interlocutory in nature, and is therefore subject to modification by the Court at any time. See FED. R. CIV. P. 54(b) ("[A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims . . . shall not terminate the action as to any of the claims . . . and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims"); FDIC v. Massingill, 24 F.3d 768, 774 (5th Cir. 1994) ("A partial summary judgment order in

Plaintiff correctly points out that the Court's language is overly narrow with respect to declaring in its Order that "the correct interpretation of the Purchase Agreement is that Plaintiff conveyed to Danek rights only to the anterior lumbar plate proposed by Plaintiff under the Purchase Agreement, and later patented by MSD, and any improvement, enhancement, or modification made to that particular anterior lumber plate." *See* M&O at 15. The Order was not intended to imply that Plaintiff's Medical Device consisted only of a single anterior lumbar plate, as opposed to an anterior lumbar plating system. Therefore, the language at page 15 of the Memorandum and Order entered January 31, 2006 is CLARIFIED as follows:

> Hence, the correct interpretation of the Purchase Agreement is that Plaintiff conveyed to Danek rights only to the anterior lumbar plating system proposed by Plaintiff under the Purchase Agreement, together with any improvement, enhancement, or modification made to Plaintiff's anterior lumber plating system.

Contrary to Plaintiff's contention, however, the Confidentiality Agreement, which the Purchase Agreement incorporates by reference, does not "*explicitly prevent*[] MSD from developing an anterior lumbar plate that competes with Dr. Kozak's work product." *See*

---

accordance with Rule 56(d) is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case. Such an order is interlocutory in nature, is subject to revision by the district court, and has no res judicata effect.").

Document No. 88 at 20. Therefore, the Court reaffirms its determination that "[t]he Purchase Agreement contains no requirement that Danek must work exclusively with Plaintiff to develop an anterior lumbar plate" and that "there is no provision in the Purchase Agreement that prohibited Danek from selling an anterior lumbar plate designed by someone other than Plaintiff and developed independently of Plaintiff's design [and Confidential Information]." M&O at 14.

In addition, after conducting a thorough review of the summary judgment record and indulging all justifiable inferences from the summary judgment evidence in favor of Plaintiff, the Court finds that a genuine issue of material fact exists on whether and/or to what extent the Pyramid Plate team incorporated Plaintiff's Confidential Information into the Pyramid Plate and, therefore, whether the Pyramid Plate constitutes a modification to Plaintiff's anterior lumbar plating system. Accordingly, the breach of contract claim must proceed to trial.

It is therefore

ORDERED that Plaintiff's Motion for Reconsideration (Document No. 88) is GRANTED IN PART as set forth above, and Plaintiff's breach of contract claim will to proceed to trial, together with Plaintiff's misappropriation, misappropriation of trade secrets and/or confidential information, and breach of good faith and fair dealing claims, as set forth in the Memorandum and Order entered

January 31, 2006. Plaintiff's Motion for Reconsideration is otherwise DENIED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, on this 6th day of April, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE